IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ROD HUGHES and SHELLY HUGHES,   )
                                )
            Plaintiffs,         )
                                )
    vs.                         )
                                )
ALLIED INTERSTATE, INC.,        )
                                )
            Defendant.          )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiffs Rod Hughes and Shelly Hughes bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Allied Interstate, Inc.  Plaintiffs allege violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.  The TCPA restricts the use of automated equipment to dial and leave messages on cellular telephones.

### VENUE AND JURISDICTION

3.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337.

4.  Venue and personal jurisdiction in this District are proper because:

    a.  Allied Interstate, Inc.'s collection communications were received by plaintiffs within this District;

    b.  Allied Interstate, Inc. transacts business within this District.

### PARTIES

5.  Plaintiffs Rod Hughes and Shelly Hughes are individuals who reside in Springfield, Illinois.

6.  Allied Interstate, Inc. is a Minnesota corporation which does business in

1

Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. Allied Interstate, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

8. Allied Interstate, Inc. has been attempting to collect an alleged debt from plaintiffs incurred for personal, family or household purposes and not for business purposes.

9. For several months beginning in November of 2009, plaintiffs have received a series of automated telephone voice mail messages from Allied Interstate, Inc. in the voice mailboxes associated with their cellular telephones.

10. The phone number left on each of the messages, 800-294-7691, is associated with defendant, and each message states that the caller is Allied Interstate, Inc.

11. Plaintiffs did not consent to receive automated calls from Allied Interstate, Inc. or the original creditor to their cellular telephones.

## COUNT I – TCPA

12. Plaintiffs incorporate paragraphs 1-11.

13. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

   **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

      **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

         **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

14. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

15. Allied Interstate, Inc. violated the TCPA by leaving a series of automated telephone voice mail messages in the voice mailboxes associated with plaintiffs' cellular telephones.

## CLASS ALLEGATIONS

16. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with Illinois cellular numbers (in the area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor.  For example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call.

17. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

18. There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members.  The predominant common questions include:

    a.    Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b.    The manner in which defendant obtained the cell phone numbers;

    c.    Whether defendant thereby violated the TCPA.

19.    Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

20.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

21.    Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008);  ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  Core Funding Group, LLC  v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc.,

245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see <u>State of Texas v. American Blast Fax, Inc.,</u> 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

      22.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

    (1)    Statutory damages;

    (2)    An injunction against further violations;

    (3)    Costs of suit;

    (4)    Such other or further relief as the Court deems just and proper.

    s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

    Plaintiffs demand trial by jury.

    s/ Daniel A. Edelman
    Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A.Edelman  
Daniel A. Edelman

Daniel A. Edelman  
EDELMAN, COMBS, LATTURNER  
    & GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois  60603  
(312) 739-4200  
(312) 419-0379 (FAX)  

T:\24757\Pleading\Complaint_Pleading.wpd

## VERIFICATION

I, Rod Hughes, state under penalty of perjury, as provided for by 28 U.S.C. 1746, that the foregoing statements are true to the best of my knowledge and belief.

*Rod Hughes*

## VERIFICATION

I, Shelly Hughes, state under penalty of perjury, as provided for by 28 U.S.C. 1746, that the foregoing statements are true to the best of my knowledge and belief.

*Shelly Hughes*